UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AERODYN ENGINEERING, LLC,

    Plaintiff,

v.

FIDIA CO.,
AND FIDIA S.P.A,

    Defendants.

_____/

Case No. 20-10896

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE [6]**

The matter is before the Court on Plaintiff's motion for alternative service. (Dkt. 6.) Plaintiff requests that the Court enter an order granting Plaintiff leave to serve Defendant Fidia S.p.A. via email. For the reasons set forth below, the Court DENIES Plaintiff's motion without prejudice.

**I.    Background**

Plaintiff Aerodyn Engineering, LLC ("Aerodyn") filed a breach of contract action in this Court against Defendants Fidia Co. ("Fidia U.S."), a company organized and operated in Michigan, and Fidia S.p.A ("Fidia Italy"), its parent company, located in San Mauro Torinese, Italy. (Dkt. 1.) Plaintiff claims that Defendants sold a defective machine and subsequently failed to make repairs sufficient to render the machine operable as represented by Defendants. (*Id.* at PgID 8-9.) Citing circumstances surrounding the COVID-19 pandemic, Plaintiffs requested that Defendants execute a waiver of personal service. (Dkt. 6-4, PgID 90.) Defendants' counsel responded that Fidia U.S. might agree to waive service, but that Plaintiff would be required to achieve service upon Fidia Italy

1

via the Hague Convention. (*Id.* at PgID 88.) Subsequently, both Defendants declined to waive service, accept service electronically, or allow their attorney to accept papers on their behalf. (Dkt. 6-5, PgID 92.) Plaintiff now requests that the Court permit it to forgo service through Hague Convention procedures and instead serve Fidia Italy "through the e-mail addresses provided for by Fidia Italy on its website and/or by the e-mail address of Fidia Italy's Director of Sales." (Dkt. 6, PgID 35-36.) Plaintiff notes that Fidia Italy conducts business online. Plaintiff has also presented evidence that its email addresses are valid. (Dkt. 6-2.)

## II.    Legal Standard

Federal Rule of Civil Procedure 4(h)(2) allows service of process on a corporation outside the United States as prescribed by Rule 4(f). Rule 4(f)(1) allows for service "by any internationally agreed means of service[,]" including procedures "authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," and Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders."

While many courts agree that Rule 4(f) does not establish a preferred method of service,[1] they "do require, as a factor in weighing whether to exercise [their] discretion and allow substituted service, a showing that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service." *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1040 (E.D. Mich. 2019) (quoting *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017)). Moreover, the alternative

---

[1] The Sixth Circuit has not addressed this issue.

2

means of service under Rule 4(f)(3) must "'comport with constitutional notions of due process, namely that the service of process be reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1042 (quoting *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013)).

### III. Analysis

Italy and the United States are both members of the Hague Convention. (Dkt. 6, PgID 39.) Therefore, under Rule 4(f)(1), service of process on Fidia Italy would be through the Italian central authority. *See In re Auto. Parts Antitrust Litig.*, No. 16-cv-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017). Plaintiff argues that this Court should instead permit it to serve Fidia Italy via email under Rule 4(f)(3) because this form of service is not prohibited by the Hague Convention and comports with principles of due process. (Dkt. 6, PgID 39.) Plaintiff also asserts that "judicial efficiency would be served by permitting e-mail service, especially during the current COVID-19 pandemic." (*Id.* at PgID 1.)

Plaintiff is correct that courts have found that service by email does not violate the Hague Convention. *See Gamboa*, 414 F. Supp. 3d at 1042. Plaintiff is also correct in asserting that service via email comports with principles of due process where the serving party has shown, as Plaintiff has done here, that the party being served does business online and the identified emails are valid. *See FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-cv-10226, 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017). However, in contrast to previous cases in this district allowing service under Rule 4(f)(3) to a defendant in a Hague Convention signatory nation, Plaintiff has not shown that

3

achieving service through the Convention would be unsuccessful or result in unreasonable burden or delay. *Cf. BBK Tobacco & Foods, LLP v. Gooshelly*, No. 20-cv-10025, 2020 WL 2315879, at *2 (E.D. Mich. May 11, 2020) (Defendants' true address unknown); *Gamboa*, 414 F. Supp. 3d at 1035 (German authorities refuse to serve complaints subject to split-recovery statutes); *FKA Distrib. Co.*, 2017 WL 4129538, at *2 (Chinese officials taking over a year to serve documents). Accordingly, this Court denies Plaintiff's motion for alternative service without prejudice.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for alternative service is DENIED without prejudice. Plaintiff may renew its request upon a showing that reasonable efforts to serve Defendant have been made, and that the Court's intervention is necessary to avoid burdensome or futile attempts at service.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: June 4, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 4, 2020, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager